UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SCOTT PIPER,

          Plaintiff,

v.

JP MORGAN CHASE & CO.,

          Defendant.

Case No. 22-cv-
Hon.

_____/

THE MARK SISSON LAW FIRM, PLLC
MARK E. SISSON (P75250)
Attorneys for Plaintiff
38701 W. Seven Mile Rd., Suite 130
Livonia, MI 48152
(248) 443-3022
Msisson@marksissonlaw.com
adupuis@marksissonlaw.com

_____/

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.*

## COMPLAINT AND JURY DEMAND

NOW COMES SCOTT PIPER, through his attorneys THE MARK SISSON LAW FIRM, PLLC, by MARK E. SISSON hereby complains against Defendant JP MORGAN CHASE & CO., and in support thereof states:

1. Plaintiff SCOTT PIPER ("PIPER" or "Plaintiff") is a resident of the City of Plymouth, Wayne County, Michigan.

2. Defendant JP MORGAN CHASE & CO("CHASE") is a foreign private company doing business in the State of Michigan, organized and founded pursuant to the statutes of the State of Delaware.

3. Jurisdiction is vested with this Court pursuant to 28 USC §1331 and 42 USC §12101, et. seq.

4. On or about July 19, 2021, PIPER filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

5. On or about November 9, 2021, the EEOC issued a "Dismissal and Notice of Rights" letter to PIPER.

## GENERAL ALLEGATIONS

6. PIPER began his employment with CHASE in 2018; his last position at CHASE was Relationship Banker.

7. Prior to his employment with CHASE, PIPER suffered injuries to his back.

8. Prior to his employment with CHASE, PIPER suffered PTSD as a result of his employment with a social media company; the job duties required PIPER to review "proposed 'posts'" of photographs wherein people were being violently killed, abused and/or maimed.

9. As a result of those injuries, PIPER required, and received, reasonable accommodations from CHASE.

10. In August 2018, PIPER was assigned to work at CHASE's Stony Creek Campus in Michigan.

11. In August 2018, PIPER began reporting directly to Joseph Ferris ("Ferris"); Ferris was the branch manager.

12. In August of 2020, PIPER informed CHASE of his disability and his need for a reasonable accommodation.

13. PIPER requested and was approved FMLA – STD, on two occasions, between August 2020 and February 2021.

14. In January 2021, CHASE began denying PIPER'S request for reasonable accommodation, including, but not limited to, the need for a modified work schedule and work from home accommodation.

15. In January, 2021, PIPER filed an internal complaint with CHASE's human resources department alleging discrimination due to his disabilities.

16. Shortly after notice of PIPER's claims to human resources PIPER's requests for reasonable accommodation, Short Term Disability and Long Term Disability were effectively denied by CHASE.

17. On March 14, 2021, PIPER was advised that he must have a return to work date wherein PIPER inquired whether there were any available remote positions; Human Resources replied it did not know.

18. PIPER has attempted, on many occasions, to contact human resources and other CHASE officials to receive an explanation for their refusal to provide the reasonable accommodations, but CHASE refuses thereby terminating his employment on April 16, 2021.

19. This has caused great financial hardship for PIPER, as he has been left with no income;

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## FAILURE TO ACCOMMODATE

20. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

21. Plaintiff was a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act, and 42 USC §12101, et. seq. (as amended) ("ADA").

22. Plaintiff has a disability as that term is defined by the ADA.

23. Defendant was aware of Plaintiff's disability.

24. Plaintiff made a request for a reasonable accommodation, by way of:

   a. Requesting a modified job schedule;

   b. Requesting use of very little leave time, or paid time off, for the purpose of attending physical therapy and other medical appointments;

    c. Requesting acquisition or modification of equipment and/or devices at her workstation.

    d. Other reasonable accommodations.

25. In addition to the requests above, Plaintiff indicated to Defendant that he was willing to engage in an interactive process regarding the structure, timing and other factor related to his requests for reasonable accommodation.

26. Such reasonable accommodations would not be an undue burden on CHASE.

27. CHASE has failed and refused to grant any reasonable accommodations to Plaintiff.

28. CHASE has refused to engage in an interactive process with Plaintiff.

29. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff has suffered damages, including but not limited: loss of job position, lost past and future wages, lost past and future employment benefits, loss of earning capacity, emotional distress and attorney fees.

<u>**COUNT II**</u>
<u>**VIOLATION OF AMERICANS WITH DISABILITIES ACT**</u>
<u>**DISABILITY DISCRIMINATION**</u>

30. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

31. Plaintiff is a disabled person within the meaning of the Americans with Disabilities Act, 42 USC §12101, et. seq.

32. CHASE regards Plaintiff has having a disability.

33. Plaintiff is qualified for the position of Relationship Banker, with or without reasonable accommodation.

34. The adverse employment actions taken by CHASE were made because of Plaintiff's disability.

35. Further, Plaintiff was subjected to the adverse employment action because of an actual or perceived physical or mental impairment.

36. As a direct and proximate result of CHASE's disability discrimination, Plaintiff has suffered damages as fully set forth in the paragraphs of this Complaint.

## COUNT III
## VIOLATION OF AMERICANS WITH DISABILITIES ACT RETALIATION

37. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

38. Plaintiff is a disabled person within the meaning of the Americans with Disabilities Act, 42 USC §12101, et. seq.

39. CHASE regards Plaintiff has having a disability.

40. Plaintiff is qualified for the position of Relationship Banker, with or without reasonable accommodation.

41. The adverse employment actions taken by CHASE were made because of Plaintiff reported to Human Resources that he was be discriminated against for his disabilities by Joseph Ferris.

42. Immediately following said reporting Plaintiff's requests for accommodations, Short Term Disability and Long Term Disability were denied ultimately leading to his termination.

43. Further, Plaintiff was subjected to the adverse employment action because of an actual or perceived physical or mental impairment.

44. As a direct and proximate result of CHASE's disability discrimination, Plaintiff has suffered damages as fully set forth in the paragraphs of this Complaint.

WHEREFORE, Plaintiff SCOTT PIPER prays that this Honorable Court enter a judgment in him favor against Defendant CHASE, and further:

    a. Enter both preliminary and permanent injunctions against Defendant, ordering that Defendant return Plaintiff to his job position forthwith;

b. Enter a money judgment against Defendant for all lost wages and employment benefits as a result of Defendant's illegal acts;

c. Enter a money judgment against Defendant for payment of all emotional distress damages suffered by Plaintiff;

d. Enter a money judgment against Defendant for all attorney fees incurred by Plaintiff in enforcing his ADA rights.

## JURY DEMAND

Plaintiff SCOTT PIPER hereby demands a trial by jury of the within cause.

Respectfully submitted,

THE MARK SISSON LAW FIRM, PLLC

/s/ Mark E. Sisson
MARK E. SISSON (P75250)
THE MARK SISSON LAW FIRM
Attorneys for Plaintiff
38701 W. Seven Mile Rd., Suite 130
Livonia, MI  48152
248-443-3022/ fax: 734-655-9045
msisson@marksissonlaw.com
Legal Assistant: adupuis@marksissonlaw.com